CATHARINE FORDYCE AND BENSON B. FORDYCE *v.* C. P. ELLIS, D. WOLDENBERGH, H. A. THOMPSON, AND EDWARD STOCKTON.

RELEASE OF LIABILITY OF SURETIES ON EXECUTOR'S BOND.—If, in an action against the executors of an estate, brought by the legatees to recover a judgment for money found to be in the hands of the executors, and adjudged to be paid to the legatees by the Probate Court, a judgment is entered by consent of the parties under a stipulation in writing, and made a part of the judgment, payable in instalments thereafter, the sureties, not consenting to the arrangement, are released from their liability on the executor's bond.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

In August, 1859, J. M. Fordyce died in Placer County, leaving a will by which he bequeathed to plaintiffs his property. W. W. Sheldon and Francis Clark were nominated executors in the will, the same was probated, and the executors gave bond and entered upon the discharge of the duties of their trust. The defendants in this action were sureties on the bond.

On the 29th day of December, 1860, on a settlement of the final account of the executors, the Probate Court found in their hands five thousand eight hundred and forty-six dollars and seven cents, and made a decree directing them to pay the same to plaintiffs.

On the 15th of March, 1861, the plaintiffs sued the executors in the District Court of Placer County to recover said sum,

and on the seventh day of November thereafter, judgment was rendered in the action in accordance with the stipulation mentioned in the opinion of the Court. The defendants in this action were not parties to the stipulation, and did not consent to the same.

On the 19th of May, 1862, the plaintiffs commenced this action to recover a balance of four thousand and forty-six dollars, alleged to be due from the executors on the judgment recovered against them.

The Court below gave judgment for the defendants, and plaintiffs appealed.

*H. H. Hartley, for Appellants.*

The failure to sue the principal, or dismissing suit already commenced, will not discharge the security. (2 American Leading Cases, third edition, 1852, pp. 255, 256, notes and cases referred to; Id. 305–7, and cases referred to.)

Nor will a promise to give time, not founded upon a consideration deemed valuable in law, discharge the surety. This is too well settled to need comment. The case referred to and relied upon by respondents decides this point. (See *Norton* v. *Williams & Roberts*, 4 Monroe, 493, 494.) To make the giving of time a discharge, the consideration must be a valuable one, either of benefit to the creditor or detriment to the principal debtor. If the consideration is something that the creditor was by law entitled to, then there is no consideration. If the consideration be a part payment of the debt after it became due, then the promise is without consideration and void, he being entitled not only to part, but to the whole of the debt. (*Peabody* v. *King*, 12 Johns. Reps. 426 ; *Reynolds* v. *Wade*, 5 Wendell, 501 ; *Jenkins* v. *Clark*, 7 Ohio, 72 ; *The Farmers' Bank of Canton* v. *Reynolds*, 13 Ohio ; *McCann* v. *Lamott*, 4 English ; Chitty on Bills, 413, and note ; 2 Black. 118; Story on Notes, 415 ; 12 Wheat. 554; Burge on Suretyship, 204; 4 Bing. 717; 18 English Common Law, 545.) If,

13

then, the only consideration in this case is the extension of the time, then the promise is without consideration, and void.

The judgment that was rendered in the cause of *Fordyce* v. *Clark & Sheldon*, was entire and indivisible, and any execution that issued thereon must have conformed to the same, and could not have been issued in parts or for a portion of the judgment, but must be for the whole, although the plaintiff might have directed the officer to proceed for only a part satisfaction; consequently, the stipulation entered into could have had no effect on the judgment or the execution that might issue thereon. Had the same been entered in the form of a decree in chancery, requiring acts to be done at stated times, and in default of performance, then for a final or compulsory process to issue, thus a case would be presented and different rights would arise—then there would have been matters of record binding upon the parties, and if the securities were prejudiced, they would have been discharged.

*Robert C. Clark*, for Respondents.


By the Court, SHAFTER, J.

This is an action against the defendants as sureties to a bond given on behalf of W. W. Sheldon, executor of the last will and testament of John M. Fordyce. The appeal is from the judgment, and the only question is, whether the findings coupled with the admissions contained in the answer, support the judgment. .

The plaintiffs were residuary legatees in the will of Fordyce. The will was duly probated, and afterwards, on the 29th of December, 1860, there was found, in due course of proceedings, to be in the hands of Sheldon and his co-executor, Ellis, the sum of five thousand eight hundred and forty-six dollars and seven cents, which amount, by the decree of the Probate Court, then made, the executors were directed to pay to the plaintiffs, according to the terms and requirements of the will.

The plaintiffs, in March, 1861, instituted a suit against the executors to recover the said five thousand eight hundred and forty-six dollars and seven cents, and on the 7th of November of the same year judgment was entered for the plaintiffs, " on their motion and by consent of defendants," for five thousand five hundred and forty-six dollars and seven cents and costs, " in pursuance of the terms " of a stipulation, which was itself " entered of record in full as an order of Court in said cause." The stipulation was as follows :

" *Catharine Fordyce et al.* v. *Francis Clark and W. W. Sheldon.*—Whereas, the said defendants have this day consented to the entry and rendition of judgment against them for the sum of five thousand five hundred and forty-six dollars and seven cents damages, and one hundred dollars and fifty-five cents costs of suit ; now, therefore, plaintiffs promise and agree that if defendants pay to plaintiffs at this date the sum of five hundred dollars, and the sum of five hundred dollars per month on the sixth day of each month thereafter, until the whole of said judgment be paid and satisfied, that they will not issue execution to enforce said judgment or any part thereof ; and that plaintiffs will at no time issue execution for a greater sum than for such monthly instalments as shall become due and be unpaid at the time of issuing execution, and this stipulation may be entered as an order of Court."

It further appears that Clark and Sheldon paid to the plaintiffs the first five hundred dollars on the day the judgment was entered, as provided in the stipulation and the order made thereon.

There is no error in the judgment. It may be conceded that the stipulation for an extension of time for the payment of the sum sued for, does not disclose a contract binding upon the plaintiffs, for the reason that the contract was without consideration. But the stipulation was made an order of Court ; and, furthermore, the judgment appears to have been entered in pursuance of the terms of the stipulation. If the stipulation did not impede the sureties in their remedies, both

the order and the judgment did. If it appeared that the remedies of the sureties were not diminished by the record made up in the action, not by law, but by concert between the parties, and much more if it appeared by their record arrangement that the remedies of the sureties were in fact accelerated, then and in that event the liability of the sureties would probably continue as is insisted by the appellants. (*Hulme* v. *Coles*, 2 Sum. 12; *Stevenson* v. *Roche*, 9 B. & C. 707; 4 Man. and Ry., 561; *Hallet* v. *Holmes*, 18 John. 28; *Pierce* v. *Edmonds*, 10 B. & C. 57.) But if the facts showing that the arrangement was not and could not have been prejudicial to. the defendants did not lie, or were not to be found in the rules by which judicial proceedings are governed, they were to be made out by evidence, and the burden of proof was clearly upon the plaintiffs. But no such facts appear in any manner. The record shows that the plaintiffs were entitled to a certain sum of money out of the estate of Fordyce by force of the will and a probate decree; that a suit was brought against the executors for the amount, and that an order and judgment, each fashioned after the stipulation of parties, were entered in the action, providing for payment by instalments of the amount recovered—the first instalment to be paid presently, and the others at intervals of thirty days. It does not appear that the defendants in the action had either answered or demurred; nor does it appear that they had any just pretense for doing either. Assuming that the allegations of the complaint filed by the plaintiffs were true, and that they were entitled to the relief which they prayed, and that the complaint was properly drawn, all idea of defense and delay as consequent upon it is of course precluded. According to the course of the Court, on a case so conditioned, judgment was presently due, and might have been had for the asking; for we cannot intend that there would have been any merely factious opposition. A judgment having been entered, execution for the whole amount could have been claimed immediately thereafter, and the sureties by paying the judgment might at once have claimed their well understood equi-

table remedies, which remedies it is to be presumed the plaintiffs would have promptly aided by just co-operation on their part.

Such would have been the position, presumptively, of the sureties, had the action against the executors been left to the settled rules of procedure.    But by the conventional judgment and order entered in the action, the remedies of the sureties were delayed and made to wait upon contingencies to which they had never assented and about which they had never been consulted.

Judgment affirmed.

Mr. Justice CURREY having been counsel in the Court below, did not participate in the decision.